IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER GRIGG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHIEF JUSTICE MIKE MCGRATH,<br><br>　　　　　Defendant. | CV 22–101–M–DLC<br><br><br><br>ORDER |

Plaintiff Peter Grigg seeks to proceed in forma pauperis in a civil rights action against Defendant Chief Justice Mike McGrath in his official capacity. Grigg alleges that Chief Justice McGrath violated his constitutional rights. (*See* Docs. 1, 2.) According to Grigg, Chief Justice McGrath improperly "allowed Judge Cuffe to proceed" in a state court and then allowed Judge Lint to assume the case; Grigg alleges that both state court judges were biased and discriminatory. (*See* Doc. 2 at 5.) Grigg's motion to proceed in forma pauperis is granted but the case is dismissed without being served under 28 U.S.C. § 1915(e)(2)(B)(ii).

## ANALYSIS

Because Grigg's motion is sufficient to make the showing required by 28 U.S.C. § 1915(a), (*see* Doc. 1), his request to proceed in forma pauperis is granted. His complaint must therefore be reviewed under 28 U.S.C. § 1915. A court is

1

required to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th

Cir. 2017) (internal quotation marks omitted).  Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt."  *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

Here, Grigg alleges federal and state constitutional violations based on Chief Justice McGrath's actions in a state court case to which Grigg is a party.  (Doc. 2 at 4.)  But a judge is absolutely immune from suit for judicial actions undertaken in the course of his or her official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction."  *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987).  The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff[,]" and irrespective of the judge's motivation.  *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (internal quotation marks omitted).

Grigg alleges that Chief Justice McGrath violated federal law, state law, state rules of civil procedure, and judicial canons by "allow[ing]" particular judges

3

to preside over underlying state court matters. (*See* Doc. 2 at 4.) Taking these allegations as true, Chief Justice McGrath's actions in Grigg's state court proceedings are unquestionably judicial acts done within his general jurisdiction as Chief Justice of the Montana Supreme Court. *See* Mont. Code Ann. § 3-1-805. Accordingly, Chief Justice McGrath is entitled to judicial immunity. And because this defect cannot be cured by amendment, the matter is dismissed without leave to amend.

## Conclusion

Based on the foregoing, IT IS ORDERED that:

(1) Grigg's motion to proceed in forma pauperis (Doc. 1) is GRANTED.

(2) The Clerk shall edit the text of the docket entry for the Complaint to removed the word "LODGED".

(3) This matter is DISMISSED WITH PREJUDICE.

(4) The Clerk of Court is directed to close the case and enter judgment in favor of the defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(5) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

DATED this 14th day of December, 2022.

_____

Dana L. Christensen, District Judge
United States District Court